STATEMENT OF OFFENSE

Leading up to October 7, 2015, District of Columbia Metropolitan Police Department Detective Timothy Palchak had been acting in an undercover capacity as part of a multi-jurisdictional FBI/MPD Child Exploitation Task Force, operating out of a satellite office in Washington, D.C. In that capacity, Detective Palchak ("UC") posted an advertisement in a predicated area of an online website for classified advertisements which, based on the UC's experience and information gathered from other sources, is an area of the site frequented by individuals that have a sexual interest in children and incest. The advertisement was intended to attract individuals with a sexual interest in children through the use of adjectives such as "taboo" and "perv."

On October 7, 2015, at approximately 6:30p.m., an individual later identified as Neil Stewart, ("defendant"), responded to an advertisement posted by the UC. The defendant responded, "im into all the things (except scat and piss) 240 434-6898."[1] The undersigned emailed the defendant back stating, "you like yng incest?" The defendant responded, "Indeed I do. Care to meet up and chat about it? 240-434-6898 name's neil." The UC provided his phone number as well and the UC and the defendant switched to text messaging to communicate.

The defendant commenced the text exchange on October 7, 2015, writing, "Hello John, its Neil. I don't want to be too blatant about types, but family anything is great!" The UC purported to be the father of a 9-year-old daughter and asked the defendant if he had "pics/vids?" The defendant responded, "I've got plenty to share when we meet. Nothing in this device." The defendant further stated that he was interested in "willing" children between ages "5-11" and that he, "did play with my sis ages ago," which based on training and experience the UC understood to mean that the defendant had engaged in sex acts with his sister. The defendant further stated

---

[1] All text abbreviations and typographical errors in quoted text or messaging language are original.

that, "I love the taste of their pussies, I miss it so much." The defendant indicated that he possessed images that he collected from the internet. The defendant also informed the UC during the text exchange that he lived in "park hall... Just north of the St. Mary's college."

During the text exchange, the defendant provided his KiK user name, "puff221," to the UC. The UC began communicating with the defendant via KIK on varies dates in October, November and December, 2015, beginning on October 8, 2015. During the course of the chat the defendant expressed an interest in meeting the UC in the District of Columbia for the purpose of engaging in sexual acts with the UC's purported nine year old daughter. The defendant suggested meeting at a zoo in D.C. on October 17, 2015, for the purpose of meeting the UC and his purported daughter. The defendant stated that his girlfriend shared similar interests as him but that she likes young teens. The defendant specifically inquired of the UC, "Have you asked your girl if she'd like to play with a lady?" The UC inquired about the defendant's girlfriend, "does your girl like to watch to or does she not go that far"? to which the defendant responded, "Such interest! We'll have to meet. She watches sometimes." The defendant then asked the UC, "could you host?"

As the KiK chat continued, the defendant provided the UC advice on how to begin getting a child to "fuck," stating, "The trick is starting with really small toys and gradually moving up until something is the same size. And vibration." The defendant also proposed that that when his girlfriend was at home, "Maybe we can vid and fuck while you two play," referring to the UC and his purported daughter.

On October 12, 2015, the defendant proposed meeting on Saturday (10/17) because it was the defendant's birthday. The UC agreed to meeting the defendant, to which the defendant exclaimed, "what a bday gift that would be! Especially if [the UC's purported 9-year-old

2

daughter] would like to play." When the UC indicated he and his daughter could meet the defendant that day, the defendant responded, "That's so hot, god I hope this is real." The defendant then asked the UC if his purported daughter had "ever seen full fucking in person" which the defendant stated he thought "could be very hot" and "Might make her [the UC's daughter] want to try more."

Ultimately, the UC told the defendant he was unavailable on the defendant's birthday to meet and another date in November to meet was eventually planned.

Among other things, the defendant stated in the KiK chats with the UC that he maintained his collection of child pornography on his laptop computer and that his faves "are suziq, Tara, gracel," which the UC knows to be known, identified series of child pornography. The defendant also inquired at one point whether "KiK" could be done "on a laptop?" because he would, "[r]ather not have anything on my phone."

During the course of the KiK chat, the defendant sent numerous images of child pornography. On October 8, 2015 the defendant sent an image depicting a close up shot of a prepubescent child's vagina with the child's own fingers touching her vagina. On October 12, 2015, the defendant sent the UC images depicting the following:

- An adult woman licking a prepubescent child's vagina;
- Two prepubescent female children naked with their legs spread exposing their vaginas;
- A prepubescent female child inserting her finger into her vagina.

On October 13, 2015, the defendant sent the UC an image depicting a prepubescent female child licking another prepubescent female child's vagina.

3

On December 9, 2015, the defendant, having intermittently continued his chats with the UC, sent the UC another series of images and videos depicting child pornography, including a video depicting the penetration of a prepubescent female's anus by an adult male's penis. The defendant also sent to the UC a video of what appears to be the same female being vaginally penetrated by an adult male's penis.

In total, over the course of the KiK chats, the defendant sent over 30 images and at least 3 videos depicting child pornography to the UC.

During the course of the KiK chats, after sending some images of child pornography to the UC, the defendant and the UC continued discussing meeting for the purpose of the defendant having sexual contact with the UC's purported 9-year-old daughter. In November, the defendant indicated that he had, "many flash drives" and "can bring it all" for a meeting. The defendant also proposed meeting the UC's daughter at an ice cream shop. The defendant arranged to meet the defendant on November 16, 2015 at a predetermined address in Northwest Washington, D.C., but then texted that he "blew a tire" that day and would not arrive that day.

Agents at the FBI sent an administrative subpoena to KiK requesting subscriber information associated with the username "puff221." KIK, also known as KiK.com, is an instant messaging application for mobile devices owned and operated by KiK Interactive Incorporated an internet Service Provider (ISP) with headquarters in Waterloo, Ontario. The application is available on most iOS, Android, and Windows Phone operating systems free of charge. The KiK application uses a smartphone's or tablet's data plane or wifi to transmit and receive messages. KiK also allows users to share photos, sketches, mobile webpages, and other content. KiK Messenger requires the user to register a username, and KiK subscribers may obtain an account by registering on the Internet with KiK. KiK requests subscribers to provide basic information,

such as name, zipcode, and other personal /biographical information; however, KiK does not verify the information provided. When the user creates the account, the user selects a username, which KiK would reject if it had been previously used. Once the username is associated with an account it is never re-issued. KiK maintains electronic records pertaining to the individuals and companies for which they maintain subscriber accounts. These records include account application information. Subscribers to KiK may access their accounts on servers maintained and/or owned by KiK from any computer connected to the Internet located anywhere in the world.

On October 12, 2015, KiK responded to an Administrative Subpoena requesting subscriber information associated with username "puff221." This response linked the account with an email address of pacoprogshark@gmail.com. An Administrative subpoena was issued to Google requesting information related to this email account. On October 13, 2015, Google responded and provided a recovery email of puppyprogshark@cooltoad.com and a telephone number of 240-434-6898 associated with the account. An Administrative subpoena was issued to Verizon Wireless for the provided telephone number. Verizon provided a subscriber of Neil Stewart of 45677 Summer Lane, Lexington Park MD 20653 with an associated email address of puppyprogshark@gmail.com. Using open source, law enforcement sensitive and FBINET databases, the user of KiK account puff221 was fully identified as Neil Alexander Stewart (SSN: 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) who currently resides at 20231 Hermanville Road, Lexington Park MD 20653. Notably, the defendant's date of birth is October 17, 1984, as the defendant indicated in the chats.

IP 24.153.54.104 was used to connect to KiK on October 7, 2015 at 22:35:05, by puff221. This IP is assigned to MetroCast, of Rochester NY. A subpoena was sent to MetroCast

who indicated that at the date and time mentioned above it was linked to the account of Thomas Byrne 20231 Hermanville RD, Lexington Park, MD. Based on information obtained from law enforcement databases, Thomas Byrne was identified as the owner and lessor of the home in which the defendant resided as the lessee during the course of the conduct described herein.

                                                         Detective Timothy Palchak
Metropolitan Police Department

Sworn and subscribed to before me this 29th day of April, 2015.

                                                         Honorable G. Michael Harvey
United States Magistrate Judge