FILED
JUN 0 7 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO.   16-CR-67 (KBJ) |
| | : | |
| v. | : | |
| | : | |
| NEIL STEWART, | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE

The parties in this case, the United States of America and the defendant, Neil Stewart, stipulate and agree that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty: one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

### Essential Elements

The essential elements of the offense of Possession of Child Pornography, in violation of 18 U.S.C. 2252A(a)(5)(B) are:

(1) Defendant knowingly possessed materials that the defendant knew contained visual depictions of a minor engaged in sexually explicit conduct;

(2) Defendant knew each visual depiction contained in the materials showed minors engaged in sexually explicit conduct;

(3) Defendant knew that the visual depiction involved the use of a minor engaging in

sexually explicit conduct; and

(4) Each visual depiction had been either (a) mailed, or shipped or transported using any means or facility of interstate and foreign commerce or in and affecting interstate and foreign commerce, by any means, including by computer, or (b) produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

## Penalties

The statutory maximum sentence that the Court can impose for a violation of Title 18 U.S.C. Section 2252A(a)(5)(B) where an image involved in the offense involves a prepubescent minor or a minor who had not attained 12 years of age is 20 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

## Statement of Facts

Leading up to October 7, 2015, District of Columbia Metropolitan Police Department Detective Timothy Palchak had been acting in an undercover capacity as part of a multi-jurisdictional FBI/MPD Child Exploitation Task Force, operating out of a satellite office in Washington, D.C. In that capacity, Detective Palchak ("UC") posted an advertisement in a predicated area of an online website for classified advertisements which, based on the UC's experience and information gathered from other sources, is an area of the site frequented by individuals that have a sexual interest in children and incest. The advertisement was intended to attract individuals with a sexual interest in children through the use of adjectives such as "taboo" and "perv."

On October 7, 2015, at approximately 6:30p.m., an individual later identified as Neil Stewart, ("defendant"), responded to an advertisement posted by the UC. The defendant responded, "im into all the things (except scat and piss) 240 434-6898."[1] The undersigned emailed the defendant back stating, "you like yng incest?" The defendant responded, "Indeed I do. Care to meet up and chat about it? 240-434-6898 name's neil." The UC provided his phone number as well and the UC and the defendant switched to text messaging to communicate.

The defendant commenced the text exchange on October 7, 2015, writing, "Hello John, its Neil. I don't want to be too blatant about types, but family anything is great!" The UC purported to be the father of a 9-year-old daughter and asked the defendant if he had "pics/vids?" The defendant responded, "I've got plenty to share when we meet. Nothing in this device." The defendant further stated that he was interested in "willing" children between ages "5-11" and that he, "did play with my sis ages ago," which based on training and experience the UC understood to mean that the defendant had engaged in sex acts with his sister. The defendant further stated that, "I love the taste of their pussies, I miss it so much." The defendant indicated that he possessed images that he collected from the internet. The defendant also informed the UC during the text exchange that he lived in "park hall. . . Just north of the St. Mary's college."

During the text exchange, the defendant provided his KiK user name, "puff221," to the UC. The UC began communicating with the defendant via KIK on varies dates in October, November and December, 2015, beginning on October 8, 2015. During the course of the chat the defendant expressed an interest in meeting the UC in the District of Columbia for the purpose of engaging in sexual acts with the UC's purported nine year old daughter. The defendant suggested meeting at a zoo in D.C. on October 17, 2015, for the purpose of meeting the UC and

---

[1] All text abbreviations and typographical errors in quoted text or messaging language are original.

his purported daughter. The defendant stated that his girlfriend shared similar interests as him but that she likes young teens. The defendant specifically inquired of the UC, "Have you asked your girl if she'd like to play with a lady?" The UC inquired about the defendant's girlfriend, "does your girl like to watch to or does she not go that far"? to which the defendant responded, "Such interest! We'll have to meet. She watches sometimes." The defendant then asked the UC, "could you host?"

As the KiK chat continued, the defendant provided the UC advice on how to begin getting a child to "fuck," stating, "The trick is starting with really small toys and gradually moving up until something is the same size. And vibration." The defendant also proposed that that when his girlfriend was at home, "Maybe we can vid and fuck while you two play," referring to the UC and his purported daughter.

On October 12, 2015, the defendant proposed meeting on Saturday (10/17) because it was the defendant's birthday. The UC agreed to meeting the defendant, to which the defendant exclaimed, "what a bday gift that would be! Especially if [the UC's purported 9-year-old daughter] would like to play." When the UC indicated he and his daughter could meet the defendant that day, the defendant responded, "That's so hot, god I hope this is real." The defendant then asked the UC if his purported daughter had "ever seen full fucking in person" which the defendant stated he thought "could be very hot" and "Might make her [the UC's daughter] want to try more."

Ultimately, the UC told the defendant he was unavailable on the defendant's birthday to meet and another date in November to meet was eventually planned.

Among other things, the defendant stated in the KiK chats with the UC that he maintained his collection of child pornography on his laptop computer and that his faves "are suziq, Tara, gracel," which the UC knows to be known, identified series of child pornography. The defendant also inquired at one point whether "KiK" could be done "on a laptop?" because he would, "[r]ather not have anything on my phone."

During the course of the KiK chat, the defendant sent numerous images of child pornography. On October 8, 2015 the defendant sent an image depicting a close up shot of a prepubescent child's vagina with the child's own fingers touching her vagina. On October 12, 2015, the defendant sent the UC an image depicting:

- An adult woman licking a prepubescent child's vagina
- Two prepubescent female children naked with their legs spread exposing their vaginas
- A prepubescent female child inserting her finger into her vagina.

On October 13, 2015, the defendant sent the UC an image depicting a prepubescent female child licking another prepubescent female child's vagina.

On December 9, 2015, the defendant, having intermittently continued his chats with the UC, sent the UC another series of images and videos depicting child pornography, including a video depicting the penetration of a prepubescent female's anus by an adult male's penis. The defendant also sent to the UC a video of what appears to be the same female being vaginally penetrated by an adult male's penis.

In total, over the course of the KiK chats, the defendant sent over 30 images and at least 3 videos depicting child pornography to the UC.

During the course of the KiK chats, after sending some images of child pornography to the UC, the defendant and the UC continued discussing meeting for the purpose of the defendant having sexual contact with the UC's purported 9-year-old daughter. In November, the defendant indicated that he had, "many flash drives" and "can bring it all" for a meeting. The defendant also proposed meeting the UC's daughter at an ice cream shop. The defendant arranged to meet the defendant on November 16, 2015 at a predetermined address in Northwest Washington, D.C., but then texted that he "blew a tire" that day and would not arrive that day.

Agents at the FBI sent an administrative subpoena to KiK requesting subscriber information associated with the username "puff221," to which KiK provided information linking the account with an email address of pacoprogshark@gmail.com. An Administrative subpoena was issued to Google requesting information related to this email account, to which Google responded, providing a recovery email of puppyprogshark@cooltoad.com and a telephone number of 240-434-6898 associated with the account. An Administrative subpoena was issued to Verizon Wireless for the provided telephone number, the subscriber to which was Neil Stewart of 45677 Summer Lane, Lexington Park MD 20653 with an associated email address of puppyprogshark@gmail.com. Further identification information obtained by FBI revealed that the defendant's date of birth is, in fact, October 17, 1984, as the defendant indicated in the chats.

The defendant was arrested pursuant to an arrest warrant for Distribution of Child Pornography on December 11, 2015 and a search warrant was executed at the defendant's home. Numerous electronic devices, including phones, computers and external storage devices were recovered.

A certified computer forensic examiner at the United States Attorney's Office conducted a preliminary review of each of the electronic devices recovered in the search warrant, and contained on those devices were well over 600 images and additional videos depicting child pornography, including the images described above. In addition, included among the images on the devices above were images depicting incest, bondage, and vaginal and anal penetration of pre-pubescent minors. The images of child pornography were located on the following devices:

1. Blu Life X8 cellular telephone
2. Asus Laptop bearing serial number C7N0BC13817928F
3. 2 16GB Lexar USB thumb drives
4. 1 PNY 16GB USB Drive
5. Lacie USB drive enclosure bearing serial number 1322101094914K
6. Motorola MB810 cellular phone bearing serial number A0000022C30DDC

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

_____
Andrea L. Hertzfeld
Assistant United States Attorney

DEFENDANT'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 6-7-16

_____
Neil Stewart
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 6-7-16

_____
Jonathan Jeffress
Attorney for Defendant